**IN THE COURT OF APPEALS OF IOWA**

No. 14-0119
Filed October 1, 2014

**IN THE INTEREST OF**

**S.S., E.S., and D.S., Minor Children,**

**J.W., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Stephen A. Owen, District Associate Judge.


A mother appeals from the order terminating her parental rights to her three children under Iowa Code chapter 600A (2013). **AFFIRMED.**


Jennie L. Wilson-Moore of Wilson Law Firm, Marshalltown, for appellant.

John J. Haney and Michael Marquess of Hinshaw, Danielson & Haney, P.C., Marshalltown, for appellee.

Kevin Michael O'Hare of Peglow, O'Hare & See, P.L.C., Marshalltown, attorney and guardian ad litem for minor children.


Heard by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

A mother appeals from the order terminating her parental rights to her three children under Iowa Code chapter 600A (2013). She contends the father failed to prove she abandoned her children. Because the evidence shows the mother has failed to maintain substantial and continuous or repeated contact with the children, we affirm.

## I. Background Facts and Proceedings.

This appeal involves a mother's parental rights to her three children, born between the years 2002 and 2005. The mother is a drug addict with a long history of substance abuse. She admits to using drugs while pregnant and has convictions for possession of methamphetamine and operating while intoxicated. The mother continues to use methamphetamine and alcohol despite having received substance abuse treatment, and she associates with others who use drugs and have been convicted of serious criminal offenses. She also has untreated mental health issues and a history of romantic involvement with men who perpetrate domestic violence.

The children at issue lived with both the mother and the father until their relationship ended in 2006. The court granted the father physical care of the children in a May 2006 order, and the children have remained in his care since that time. The order also provides the mother shall receive "reasonable and liberal visitation." The mother was ordered to pay child support.

Although the mother initially exercised her visitation rights with the children, her visits decreased over time until they became sporadic. She would

call to tell the children she was coming to pick them up and arrive hours later. Sometimes the mother did not pick up the children for visitation at all. She also ended visits early. The mother has not had contact with the children since at least August 2012. She claims she called the father once in January and once in July of 2013, but did not leave a message or provide the father with her contact information.

The mother is also in arrears on her child support payments. She has provided some support in each year since the divorce, but has failed to pay the total amount of child support ordered. The mother owed over $6000 in child support through October 2013.

Concerns about a bedbug infestation in the mother's home and her involvement in an abusive relationship prompted the father to seek modification of the visitation provisions of the parties' custody and visitation order. In June 2011, the court entered an order providing that the mother shall not permit the children to be exposed to bedbugs or be in the presence of the mother's boyfriend or "any other person known to . . . be using controlled substances." The father offered the mother $300 to help eradicate the bedbug infestation.

In February 2013, the father—who remarried in January 2011—filed a petition seeking to terminate the mother's parental rights under chapter 600A. The trial was held in December 2013. On December 30, 2013, the court entered its order terminating the mother's parental rights to the children. She filed a timely notice of appeal.

**II. Scope and Standard of Review.**

We review private termination proceedings de novo. *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). We give weight to district court's factual findings, especially those concerning witness credibility, but we are not bound by them. Iowa R. App P. 6.904(3)(g).

**III. Analysis.**

The mother contends the court erred in terminating her parental rights because the father failed to prove she abandoned the children as provided in section 600A.8(3). Chapter 600A defines abandonment as rejecting the duties imposed by the parent-child relationship, "which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(19).

Under section 600A.8(3)(b), "a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means." Substantial and continuous or repeated contact may be shown in the following ways:

> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of

parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). A parent's subjective intent, unsupported by these acts, does not preclude a determination the parent has abandoned the child. *Id.* § 600A.8(3)(c).

The mother has not lived with the children since her relationship with the father ended in 2006. She admits she had not had contact with the children between August 2012 and the December 2013 termination hearing—a period of approximately sixteen months. The mother failed to send the children cards or gifts for their birthdays or Christmas and admits she only attempted to contact the father twice during that period but failed to leave a message or provide a means by which the father could contact her. She is unable to show either monthly visits or regular communication as allowed under section 600A.8(3)(b).

The mother argues her failure is excused because the father prevented her from visiting or communicating with the children. The record belies her claim. The only time the father prohibited the children from visiting the mother was when the visits posed a risk to the children's safety. In contradiction of her claim, the father transported the children to Des Moines to visit the mother when she was unable to provide transportation and offered to help with the costs of eradicating the mother's bedbug infestation to allow the children to visit. Most importantly, the mother admitted her failure to see the children was her own fault:

> Q. And you indicated earlier, when you were answering questions for your attorney, that you have not had contact or seen the children in over seventeen months; correct? A. I have not seen them since August 6 of last year.
> Q. August of 2012? A. Yeah.

> Q. And as I understand your testimony on cross-examination, that the reason for that is Bill's fault; is that right? A. It's not Bill's fault, no.
> Q. Whose fault it is? A. It is my fault.

As the district court noted, the mother has a history of rejecting her children, having engaged in conduct "eerily consistent" with three children from a previous relationship.

The mother further argues she contributed to the children's support within her means. She claims that although she was unemployed due to illness in 2012, she paid $1411.24 of the $2400 in child support due. In 2013, she paid $1555.59 of the $2400 due though she was only employed part-time making $50 per week at the time of trial. She argues she made these payments even though she was unemployed due to illness or only working part-time. While the mother has provided some financial support for the children, it has been just over half of the meager amount of child support required of her for her three children. It certainly does not make up for her failure to provide emotional support for, visit, or remain in contact with the children. The evidence shows the mother has abandoned the children.

In determining whether to terminate, our "paramount consideration" is the children's best interest. Iowa Code § 600A.1. We find termination is in their best interest. The mother admitted to using alcohol two weeks before trial and methamphetamine three weeks before trial. She admits she is not in recovery. At the time of trial, the mother had been absent from the children's lives for at least sixteen months. Before that, her contact with the children had been inconsistent.

Having observed the testimony of the oldest of the mother's children from a previous relationship, who was nineteen years of age at the time of trial, the court found it was "abundantly clear that the outright rejection she has experienced at the hands of [the mother] has been emotionally and psychologically damaging to her." The evidence shows the same is true for the children at issue, one of whom missed two days of school due to a severe emotional breakdown at the idea of having to visit the mother. The mother's choices, made at the expense of the children, and her inability to maintain a consistent presence in their lives has deprived her of a relationship with the children, who no longer ask about her or refer to her as their mother. The children instead look to the father and his wife to provide for their physical and emotional needs.

Because the father proved the grounds for termination under section 600A.8(3)(b) and termination is in the children's best interest, we affirm.

**AFFIRMED.**